The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning. The first case for argument this morning is 19-1708, Twitter, Inc. v. VidStream. Mr. McComb, whenever you're ready. Good morning. This is David McCombs. May it please the court. The board's error was applying the wrong test for obviousness. There's no requirement that the claim feature be identically disclosed in the prior art, like in a Section 102 analysis. In this case, the board's own fact findings establish obviousness as a matter of law when the correct test is applied. The issues distill down to Lottie's teaching of a frame rate constraint for capturing video, or in the 506 patent, a video length. Is it part of the Mobicon app downloaded from the server or is it just part of the phone's default camera settings? So the two possibilities are server option with instructions supplied by Mobicon and phone option with instructions supplied by the native phone. To the heart of the matter, a key fact finding the board made is that between the server option and the phone option, either could provide the instructions. I see the board at Appendix 22. And the patent owner's expert also went further to say that both options are equally consistent at Appendix 2428. Mr. McCombs, this is Judge Proust. I understand your argument and I appreciate it, and you make it with some heft in your appeal brief. What I'm missing is where this argument was really put forth clearly to the board. And we can't ignore, can we, the fact that the board talked in several places where they talked about what Lottie teaches or suggests. I think they discussed Dr. Olivier's declaration, and even though he said something, he didn't provide any support in terms of the suggestion argument or why someone skilled in the art would have read Lottie that way as an alternative. So I'm kind of missing where in the record the board went astray and why you say the board never considered or even entertained the possibility of a suggestion where it said it did. Your Honor, the petition always framed Lottie's teachings as one of obviousness, not identical disclosure. But the board never articulated a test that required identical disclosure, or at least I'm not seeing it. Yeah, the board always, at Appendix 17, the board required that there be expressed disclosure, and that was what they thought was to test. In this case, the petitioner always did frame this as what would have been obvious to a person of skill in view of the art. The discussion was, if you look at Appendix 11 of 2 and other portions, the analysis was always an opinion as to what the subject matter as a whole would have been, would have suggested to a person of skill in the art. In his discussion, in Dr. Ho's discussion, he always framed things as his understanding based on what the teachings of Lottie was. And so in particular, in this case, there were two recognized options. Both were obvious. The facts here are similar to the Google versus Phillips case that was cited in our reply brief. And this goes back to the KSR test, which says that where there's a finite number of known and predictable solutions, which in this instance is two, it would have been obvious to implement the one recited in the claim. Here, like in Google, the frame rate parameter being supplied from the server or being supplied from the phone are both obvious since they are both appreciated and recognized as the two possible sources of video control. And if we look at what Dr. Ho said and reviewed, we submit that a skilled person is guided to the server option as being the most likely and predictable of the two since, as he pointed out, the frame rate of 15 frames per second is only specified when referring to how Mobicon works, not how the phone works. Well, except there's substantial evidence review here, and at JA, I think it's JA-22, the board specifically calls out, I think, or JA-23 or beyond that, that Dr. Ho simply didn't explain how Lottie provides the conclusion that Twitter tries to draw from it. So the board considered that argument and just didn't think that your expert has the substantial specificity or a sufficient specificity to draw the conclusion you wanted the board to reach. Why, under substantial evidence review, isn't that a problem for you? Well, I think that highlights the board's error of requiring express disclosure, that the Mobicon parameter must be there as opposed to the phone option. Under KSR, such a precise teaching is not the test. Under KSR, precise teachings are not required. The court can rely on inferences and creative steps. And if we do look at what the board actually did say that was expressed in Lottie, if you look at fact findings in Appendix 14 and around in that area, it was pretty clear that the board did find that Lottie says that the Mobicon app did control aspects of the phone and that Mobicon coordinates video capture. And while it said that when Mobicon is used, it was clear that when Mobicon is used, recording did occur at 15 frames per second. What was not there was an exact statement that when recording occurs, it must be from the server instructions. However, the understanding clearly from Dr. Ho was that it was there, and the expert, Dr. Olivier, agreed with that, that either were equally consistent. Counselor, this is Judge Urena. It seems to me that your argument is based mostly on the position that the board adopted the wrong legal standard in its obviousness analysis. And that they strayed because they read the prior art literally and looking at the function as opposed to whether that prior art teaches or suggests the obviousness. Is that your argument? Yes, Your Honor. It's not a 102 test where you require a blueprint. In this case, Lottie discloses the limitation because from the statements in Lottie, Dr. Ho understood that the frame rate came from Mobicon. So you're saying that the underlying obviousness analysis, these differences between the experts, that the board may have gotten that correct, but they applied the wrong legal standard. So the factual findings may be correct, but the wrong legal standard was applied. Is that also correct? Yes, Your Honor. This is not a case where there is a dispute as to the salient facts. I don't think those are in dispute. The existing fact findings support obviousness as a matter of law where, in this case, it funnels down to two possible options, the phone option or the server option. As a matter of law, under Google and KSR and the case law, that supplies a predictable solution that either would be obvious. Okay, thank you. All right, so that brings us then to the question of the reply. And in this case, the reply arguments were proper and it was an abuse to ignore them. But I will say that because there is agreement on the facts that both options can supply the parameters, the court can decide this case on the obviousness test and does not need to reach the abuse of discretion issue for failure to consider the reply evidence. Nonetheless, the reply should have been considered. First, the reply did not prejudice the patent owner because the patent owner was provided a sur-reply. And in fact, if anything, the prejudice worked the other direction. By striking the petitioner reply but allowing the patent owner sur-reply, the petitioner had no voice in the trial after the petition. But at the end of the day, the board in the alternative considered everything, including your additional arguments, right? Well, we're confused on that as well. The board said we need not and do not consider the reply. And then to the extent that there is discussion, is that dicta? How are we to tell on a clear record? And in any case, when they did make those discussions, those discussions were incorrectly relying on the express disclosure requirement. And so in this case, we're not seeing that the arguments in the reply could have been predicted. You know, at the petition stage, the whole argument about the similarity of the phone's native parameters, those specified by Mobicon, that wasn't foreseeable. Because Lotte never mentioned the default parameters of any user phones for comparison purposes. Does your appeal, your argument, hinge on whether or not the board considered that reply? No, it does not. I think the record, the facts are sufficiently clear at the petition stage. There really is no dispute, and the board and the patent owner agreed with the key fact findings, that both the server option and the phone option for video capture were recognized alternatives. If there are no further questions, I'll reserve my time. Okay, thank you. Let's hear from the other side. Ms. Dubrow? Good morning, Your Honors, and may it please the Court, this is Stephanie Dubrow on behalf of VidStream. You've heard a lot from Twitter today and in its brief about the purported legal errors committed by the board, as well as the board's supposed disregard for evidence and arguments in its reply. But the only issue that this Court needs to address is whether the board's factual findings regarding what Lotte would or would not suggest to a person of skill in the art are supported by substantial evidence. All of Twitter's arguments boil down to a disagreement with the board's finding that a person of skill in the art would not understand from Lotte that the Mobicon application, as opposed to the phone's operating system or software associated with the phone's camera, supplies the video recording parameters referenced in Lotte. Twitter's disagreement with that... Let me interrupt you. Apologize. But let me interrupt you. But why are they not right that under the KSR test, if there were only two options where the video parameters can come from, that it would have been obvious for a person skilled in the art to try both? Your Honor, the... You did, and they cited in their brief, and I think they referred to it in arguments this morning, that you did make the statement before the board that it is equally consistent. Okay. I think we're in business again. Ms. Dubrow, did you take my... Did you understand or hear my question? Yes, Your Honor. There's a couple of issues there. One is that the presence of two options appreciated in hindsight is not sufficient evidence that a person of skill in the art at the time of Lotte would understand both of those options to be available. And Twitter makes a lot of noise about the statements regarding equally consistent that were made by VidStream's expert, but it takes those statements out of context dramatically. The board summarized the statements in its final written decision in what we think is a fairly accurate way. VidStream argued below that Lotte does not disclose that the video capture parameters are provided by the Mobicon application, and that because it was commonplace at the time Lotte was published for mobile devices to record video in accordance with the 3GPP specification, which includes the video capture parameters that are listed in Lotte, that it would be equally consistent with recording using a device's native capabilities. And then VidStream went on to say, because there's no indication in Lotte that the Mobicon application controls the video recording parameters, a person of skill in the art reviewing Lotte would understand that the Mobicon application simply used the phone's native parameters. At the end of the day, the evidentiary failing in this appeal that this court needs to address and look at is that Twitter failed to connect the dots for the board. There's no evidence about why a person of skill in the art would understand the Mobicon application to be controlling the video parameters. And, indeed, there is substantial evidence showing that a person of skill in the art would not understand that, and, in fact, would understand the phone's native camera application to be performing those parameters. Lotte, in the closure of... I'm sorry. Let me interrupt. Can you give me again, at the beginning of your response, you provided a cite to the board's opinion where it discussed your equally consistent language. Can you give me that again? Sorry. I had cited, I think, the appendix pages where we made the argument below and not the board's cite for that. Okay. So the board didn't deal with that particular argument? The board did, and I apologize, Your Honor. I just don't have that cite at my fingertips at the moment. I can pull it together and give it to you after the argument or if I find it while we're talking. But the relevant pages of VidStream's brief below is Appendix 386 through 390. The important point to take away from this, I think, is that it's Appendix 16 is where the board discusses that, Your Honor. Okay. Thank you. The important point, I think, that we want to make to take away from this is that, in hindsight, the parties are recognizing that both of these options would be available, but there's no evidence of record that a person of skill in the art at the time of Lotte or at the time of the patent would have appreciated that both options were available. There's certainly no indication in Lotte itself, and there's no other evidence of record. Twitter merely asserted that a person of skill in the art would appreciate that, but didn't provide any evidence showing why or how that would be true, and that's what the board got hung up on, that there was not sufficient evidence to allow the board to conclude that a person of skill in the art would have appreciated that feature. Hello? Yeah, Sherry, I've been trying to ask you a question and haven't gotten through. Oh, Judge Raynor, we can hear you now. Can you hear me? Yes. We can hear you. Well, okay. I'm sorry. I've been trying to ask you a question for a while now, and it just didn't seem like, you know, you could hear me. We did not hear you. I did not hear you trying to do it, but please proceed. So I'm back now. Anyway, I wanted to ask Counselor Dubrow, why is it that a person of ordinary skill in the art, looking at what's before that person at the time of the invention, not apply practical judgment under KSR and consider both options? Why should the person of ordinary skill in the art be limited to a single option when it seems that practical experience would say, well, what about the other option? Your Honor, there's evidence in the record that the phone itself was more likely to control the video capture parameters than the Mobicon application. There's no evidence of the record that the Mobicon application could do that, contemplated doing that, and there's also no evidence of record about why a person of skill in the art would be motivated to control the video capture parameters through the Mobicon application. Twitter's expert never explained why that would be done, indeed how it would be done. The evidence that they put in regarding the use of other software developer kits or APIs to program that function, again, is insufficient because they never explained whether those could be used. In fact, Twitter's expert conceded that he wasn't aware of any software developer kit or API that could be used to externally control the video recording parameters, and they never explained or put in any evidence about why a person of skill in the art would want to do that in the context of the Mobicon application. Well, why wouldn't, if you made a concession up front, if your Twitter, the other side makes a concession that if their two were equally consistent, why doesn't that end it? How is it they've been on notice that they needed to put on evidence about that if they thought that it wasn't a fairly disputed point? Your Honor, to be fair, we didn't make a concession that the two were equally consistent. In the context of the argument that we made, we were stating that there's no indication in Lottie that that functionality was controlled by the Mobicon application. There's also no express statement that it's controlled by the phone, but given all of the other evidence about the video recording parameters that were available in phones at the time, and that phones were typically programmed to record according to this 3GPP specification, that Lottie's disclosure was consistent with the phone controlling that functionality. And in the absence of any evidence that the Mobicon application would do that, or that a person of skill in the art would understand that to be possible, that this is insufficient to show that that feature would have been obvious in light of Lottie. Twitter never made the argument, importantly, that implementing this feature in Mobicon would have been obvious to try, and that's the argument that they would have had to make for this equally consistent evidence that they're relying on now to make sense. That it would have been obvious for a person to try to implement that in Mobicon, and that sort of evidence is just not present in the record here. Judge Rayna, are you still with us? Yes, I am. Oh, good. Good. I got worried about our previous listening. Anything further from the court, from judges? Okay. Finally, we're going to have a little time, but... The final point I would leave you with is that... Do you want to respond, by the way, to the reply and the surreply issue? You started off with that, but I don't think we let you get to it. Sure, Your Honor. The board's decision here includes two alternative holdings relating to Twitter's reply. The first is that it raises new issues, and the board doesn't have to consider it. The second, an alternative holding, is even considering those additional arguments, there's nonetheless insufficient evidence to show that Lottie would teach or suggest the disputed claim element. Twitter has to win on both of those to get a remand, but if the court agrees with the board on the second holding, it doesn't have to reach the first one. And as Vidshreem explained in our brief, the board devoted five pages of its final written decision to its analysis of the evidence in Twitter's reply, so it's hard to understand how one could argue that the board did not thoroughly consider and address that evidence. I think your friend characterized it, if I understood him correctly, that that was dicta. Why is that not dicta? Your Honor, our position is that it's an alternative holding, and the board couched it as that. They held first that they didn't need to consider the evidence, but then they made the alternative holding that we are going to go on and consider this evidence, and even considering it, it's insufficient to show that Lottie would teach or suggest the disputed claim element. The board found the same evidentiary failings in the reply evidence that it found with the evidence that was cited in Twitter's petition, which is that at no point did Twitter or its expert or any other evidence that they offered demonstrate why a person of skill in the art would understand that Mobicon was providing the video capture parameters. And Twitter made some arguments in its opening that the board repeatedly relied on the supposed express disclosure of Lottie and pointed you to some holdings early in the board's opinion where the board did find Lottie doesn't expressly disclose that, but what Twitter didn't acknowledge is that countless pages after that where the board goes on to evaluate what exactly Lottie would suggest to a person of skill in the art in the absence of an express disclosure. And, you know, as we've talked a lot about here today and as we had in our brief, there's not evidence about why a person of skill in the art would understand this feature to be present in Lottie. Twitter and its expert just merely assert that that would be the case, but they failed to connect the dots for the board, and that is not sufficient. They've not met their evidentiary burden. And in the absence of that, the board's fact findings are supported by substantial evidence and should be affirmed here. This is Judge Reina. I'm intrigued by the fact that the board did make an alternative finding, and that causes questions that I have to the extent to which Twitter's argument, the main argument it's making here today, hinges on its reply. Well, Your Honor, I think Twitter conceded earlier, and Mr. McCombs can correct me if I'm misrepresenting this, but that their argument does not hinge on their reply. Okay. And as we pointed out, even if they do allege that the reply evidence is necessary and that it hinges on that, the board did go on to consider that and gave this court ample pages with its analysis of that evidence and the fact findings that it made on that evidence. Okay. Thank you. If there are no further questions, I will cede the rest of my time. Thank you very much. Mr. McCombs, you've got, I think, four minutes remaining or something close to that. Thank you. I do have a few points. First, this is not a hindsight situation. Everyone agrees that the two options are equally consistent, and if you look at Appendix 2428, the declaration from the patent owner's expert is very clear on that, very clear. Secondly, the board also agreed with the fact finding that either option was possible. So I don't think there's any dispute as to the fact that this does funnel down to two specific options. On the whole issue of context in LATTE, I think from the very beginning, if you look at Dr. Ho's declaration, he said that at Appendix 1107, he noted that a teaching of LATTE is to provide restrictions on the nature of the videos being uploaded, including defining formats and video quality that will be accepted. This supplies a good reason and design need for why he understood the Mobicon app would set the format for the frame rate, not just the default phone settings. So here, again, it distills down to really what is the proper test for obviousness under KSR. The express disclosure requirement is not what is at issue here. Predictable solutions under KSR does not rise to a requirement of must be present. And if there are no questions, I'll cede the rest of my time. Okay, thank you. We thank both sides, and the case is submitted.